USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 4/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIMELDA MENDEZ, *on behalf of all other persons similarly situated*,

Plaintiff,

-against-

ANNTAYLOR, INC.,

Defendant.

1:19-cv-10625-GHW

MEMORANDUM OPINION AND ORDER

GREGORY H. WOODS, United States District Judge:

This is another case where a visually impaired person has sued a retailer for failing to stock Braille or otherwise accessible gift cards. Because this complaint suffers from the same pitfalls as those in *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020)[1], the Court comes to the same conclusion and GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

Like the allegations in *Banana Republic*, the facts presented in the complaint are relatively straightforward.

AnnTaylor, Inc. ("Defendant" or "Ann Taylor"), like many other retail businesses, offers consumers the opportunity to purchase "pre-paid cash cards, colloquially referred as 'store gift cards,'" that can be used in place of cash at its stores. First Amended Complaint ("FAC"), Dkt. No. 16, ¶ 4 & n.2. Though they look and feel like credit cards, *see* FAC ¶ 35, they are redeemable only at "a specified merchant or affiliated merchants." FAC ¶ 29 & n.4.

On October 21, 2019, Himelda Mendez ("Plaintiff") called Ann Taylor's customer service office to ask whether the store sold Braille gift cards. *See* FAC ¶ 16. An employee told her that Ann

[1] Indeed, both parties here are represented by the same counsel as the parties in *Banana Republic*.

Taylor did not. *See* FAC ¶ 16. During that call, the employee did not offer Plaintiff any alternative auxiliary aids or services. *See* FAC ¶ 17. Sometime later, Plaintiff unsuccessfully attempted to locate accessible Ann Taylor gift cards on her own. *See* FAC ¶ 18. The lack of an accessible gift card deterred Plaintiff from "fully and equally us[ing] or enjoy[ing]" the "facilities, goods, and services Defendant offers to the public at its retail stores." FAC ¶ 42. As soon as accessible gift cards are available, however, "Plaintiff intends to immediately go purchase" one. FAC ¶ 45.

Plaintiff sued Ann Taylor under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq*., and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*., seeking compensatory damages, punitive damages, and a permanent injunction to "cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers," and, of course, attorney's fees.

Ann Taylor moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. ANALYSIS

The Court refers the reader to the legal standard articulated in Part II of *Banana Republic*, 2020 WL 1950496, at *2. The discussion and application of the law there applies in equal force in here.

Because the Plaintiff here has failed to provide the Court with sufficient evidence of her intent to return to Ann Taylor, she, like the plaintiff in *Banana Republic*, lacks standing to assert her ADA claim. The difference between the two complaints are slight: unlike Dominguez, Mendez asserts that she lives about two blocks from Defendant's retail store at 149 5th Avenue, New York, NY. FAC ¶ 25. Like Dominguez, Mendez generically asserts only that she "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store." FAC ¶ 21. Although the identification of a single

Ann Taylor store near her home provides the slightest bit more color than the plaintiff's complaint in *Banana Republic*, Plaintiff still fails to plausibly allege an intent to return to Ann Taylor. The intent-to-return inquiry, as explained in *Banana Republic*, is a "highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation" including the plaintiff's "occupation or demonstrated travel habits." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam) and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d. Cir. 2008) (per curiam)). And Mendez never asserts, for instance, that she is curating a closet of business workwear, or that she frequently shops for cashmere sweaters at retail stores close to her home. *See Banana Republic,* 2020 WL 1950496, at *4.

Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Banana Republic*. *See* 2020 WL 1950496, at *5–12. Indeed, there are no substantive differences between either the complaint or the briefing in this case and *Banana Republic* that would compel a different conclusion. Plaintiff has even made the same errors in her opposition as the plaintiff in *Banana Republic*: like Banana Republic, Ann Taylor does not sell food. *See Opp'n* at 3, 15, 16, 20; *see also* 2020 WL 1950496, at *2.

Because the Court would dismiss Plaintiff's ADA claims, it need not engage in a substantive analysis of the merits of Plaintiff's NYSHRL and NYCHRL claims; this Court would decline to exercise supplemental jurisdiction over Plaintiff's state and city claims. *See Banana Republic*, 2020 WL 1950496, at *5, 12.

## III. CONCLUSION

This case is indistinguishable from *Banana Republic*. It should therefore come as no surprise that the Court comes to the exact same conclusion.

For these reasons, Defendant's motion to dismiss is GRANTED. Within fifteen days,

Plaintiff may file a second amended complaint to cure the deficiencies articulated in this opinion by alleging additional facts about the interactions she has had with Ann Taylor. If no amended complaint is filed within that time frame, the Court will enter a final judgment of dismissal and direct the Clerk of Court to close this case.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 20.

SO ORDERED.

Dated: April 24, 2020

GREGORY H. WOODS
United States District Judge